UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KIANA WINFREY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| SOURCE SOLUTIONS | ) |
| MANAGEMENT LLC; and GREGORY L. | ) |
| HOPKINS, | ) |
| | ) |
| Defendants. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, KIANA WINFREY, by and through her undersigned attorney, alleges the following against Defendants, SOURCE SOLUTIONS MANAGEMENT, LLC and GREGORY L. HOPKINS ("Source" and "Hopkins" respectively and "Defendants" collectively):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Tennessee Consumer Protection Act of 1977, T.C.A. § 47-18-101 et seq. ("TCPA").

### JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1367, and 15 U.S.C. § 1692k (FDCPA).

4. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

1

5. This court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) because they are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

6. Venue and personal jurisdiction in this District are proper because Defendants do or transact business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

7. Plaintiff is a natural person residing in the City of Antioch, Davidson County, State of Tennessee.

8. Plaintiff was formerly known as Kiana Simpson.

9. Plaintiff is a consumer as that term is defined or contemplated by the FDCPA.

10. Plaintiff allegedly owes a debt as that term is defined or contemplated by the FDCPA.

11. Source is a debt collector as that term is defined or contemplated by the FDCPA.

12. Hopkins is a debt collector as that term is defined or contemplated by the FDCPA.

13. Within the last one year, Defendants attempted to collect a consumer debt from Plaintiff.

14. Source is a New York limited liability company and collection agency based in the City of Rochester, Monroe County, State of New York.

15. Hopkins is a natural person residing in the City of Rochester, Monroe County, State of New York.

16. Defendants regularly collect, or attempt to collect, debts allegedly owed to third parties.

17. The principal purpose of Defendants' business is the collection of debts allegedly owed to third parties.

18. During the course of their attempts to collect debts, Defendants send to alleged debtors

bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiate contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

19. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

### *Kiana Winfrey v. Source Solutions Management, LLC*

20. Source is attempting to collect a consumer debt from Plaintiff, allegedly owed by Plaintiff.

21. Plaintiff's alleged debt owed arises from transactions for personal, family, or household purposes.

22. Source calls Plaintiff on her cellular telephone at 615-416-2337 in an attempt to collect the alleged debt.

23. Source also leaves voicemail messages for Plaintiff.

24. With regard to the above-referenced voicemail messages:

    a. Source fails to disclose that the calls are from Source Management Solutions LLC;

    b. Source fails to disclose that the calls were made in an attempt to collect a debt; and

    c. Give the callback number of 866-568-4463, which is one of Defendant's telephone numbers.

25. Plaintiff has returned Source's calls to 866-568-4463, on at least one occasion, at spoke to one of Source's male collectors.

26. During the above-referenced collection call:

    a. Source's collector demanded immediate payment of the alleged debt from Plaintiff;

3

b. Source's collector claimed that Plaintiff was charged with a felony in connection with non-payment of the alleged debt; and

   c. Source's collector threatened to Plaintiff that he would "see you in court" if Plaintiff did not pay the alleged debt.

27. To date, Plaintiff has not paid the alleged debt.

28. To date, Source has not sued Plaintiff.

29. Source never intended to sue Plaintiff.

30. Plaintiff has not been charged with a felony for not paying the alleged debt.

31. Source's actions were calculated to coerce Plaintiff into payment of the alleged debt.

32. The natural consequences of Source's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the debt Plaintiff allegedly owes.

33. The natural consequences of Source's actions was to produce an unpleasant and/or hostile situation between Source and Plaintiff.

34. The natural consequences of Source's actions was to cause Plaintiff mental distress.

## *Kiana Winfrey Plunkett v. Gregory L. Hopkins*

35. Plaintiff repeats, reiterates, and incorporates the allegations contained in paragraphs 1-34. herein, with the same force and effect as if the same were set forth at length herein.

36. Hopkins is the owner of Source.

37. Hopkins is a member of Source.

38. Hopkins is a managing member of Source.

39. Employees can be held personally liable under the FDCPA. *Robinson v. Managed Accounts Receivable Corp.*, 654 F. Supp. 2d 1051 (C.D. Cal. 2009); see also, *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal 2008).

40. Most courts that have addressed the issue have held that the corporate structure does not insulate shareholders, officers, members, or directors from personal liability under the FDCPA. See *Schwarm v. Craighead*, 552 F. Supp. 2d 1056 (E.D. Cal. 2008); *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433 (6th Cir. 2008); *Teng v. Metro. Retail Recovery, Inc.*, 851 F. Supp. 61 (E.D.N.Y. 1994); *Del Campo v. Kennedy*, 491 F. Supp. 2d 891 (N.D. Cal. 2006); *Brumbelow v. Law Offices of Bennett & Deloney, P.C.*, 372 F. Supp. 2d 615 (D. Utah 2005); *Albanese v. Portnoff Law Associates, Ltd.*, 301 F. Supp. 2d 389 (E.D. Pa. 2004); *Brink v. First Credit Res.*, 57 F. Supp. 2d 848 (D. Ar. 1999); *Pikes v. Riddle*, 38 F. Supp2d 639 (N.D. Il. 1998); *Ditty v. CheckRite*, 973 F.Supp. 1320 (D. Utah 1997).

41. At all relevant times, acting alone or in concert with others, Hopkins has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Source, and its employees, including the acts and practices set forth in this Complaint.

**COUNT I:**
**DEFENDANTS VIOLATED**
**THE FAIR DEBT COLLECTION PRACTICES ACT**

42. Defendants violated the FDCPA based on the following:

    a. Defendants violated § 1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Source engaged in all of the harassing, oppressing, and abusive misconduct alleged above;

    b. Defendants violated § 1692d(6) of the FDCPA by Source's placement of telephone calls without meaningful disclosure of the caller's identity when Defendant's voicemail messages failed to disclose that the calls were from Source Solutions

5

Management LLC;

c. Defendants violated § 1692e of the FDCPA by their use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Source engaged in, at least, the following discrete violations of § 1692e;

d. Defendants violated § 1692e(2)(A) of the FDCPA by Source's false representation of the character, amount, or legal status of any debt when Source's collectors made empty and unlawful threats of legal action against Plaintiff;

e. Defendants violated § 1692e(4) of the FDCPA by Source's representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Source's collectors made false claims that Plaintiff had been charged with a felony for not paying the alleged debt and making empty threats of legal action;

f. Defendants violated § 1692e(5) of the FDCPA by Source's threat to take any action that cannot legally be taken or that is not intended to be taken when Source's collectors made empty and unlawful threats of legal action and against Plaintiff;

g. Defendants violated § 1692e(7) of the FDCPA by Source's threat false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer when Source's collectors made false claims that Plaintiff had been charged with a felony for not paying the alleged debt;

h. Defendants violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Source engaged

in, at least, all of the other discrete violations of § 1692e alleged herein;

i. Defendants violated § 1692e(11) of the FDCPA when Source left Plaintiff voicemail messages that did not state that the communications were an attempt to collect a debt;

j. Defendants violated § 1692f of the FDCPA by Source's use of unfair or unconscionable means to collect or attempt to collect any debt when Source engaged in all of the misconduct alleged herein; and

k. Defendants violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Source demanded immediate payment of the alleged debt and employed coercive and harassing tactics in its attempts to collect the alleged debt, including empty threats of legal action and falsely claiming that Plaintiff had been charged with a felony for not paying the alleged debt.

WHEREFORE, Plaintiff KIANA WINFREY, respectfully requests judgment be entered, both jointly and severally, against Defendants, SOURCE SOLUTIONS MANAGEMENT, LLC and GREGORY L. HOPKINS, for the following:

a. Actual damages, in an amount to be determined at trial, pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k

b. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

c. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

d. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANTS VIOLATED TENNESSEE CONSUMER PROTECTION ACT

43. Plaintiff repeats and re-alleges paragraphs 1-42 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

44. Defendants' above-referenced acts or omissions are unfair or deceptive acts or practices affecting the conduct of any trade or commerce.

45. Defendants' unfair or deceptive acts or practices constitute unlawful acts or practices.

46. Plaintiff suffered damages as a result of Defendants' employment of unfair or deceptive acts or practices.

47. Defendants' use or employment of the unfair or deceptive acts or practices was willful or knowing.

WHEREFORE, Plaintiff KIANA WINFREY, respectfully requests judgment be entered, both jointly and severally, against Defendants, SOURCE SOLUTIONS MANAGEMENT, LLC and GREGORY L. HOPKINS, for the following:

   a. Actual damages to be determined at trial hearing pursuant to § 47-18-109(a)(1) of the TCPA;

   b. Treble actual damages pursuant to § 47-18-109(3) of the TCPA;

   c. Costs and reasonable attorneys' fees pursuant to § 47-18-109(e)(1) of the TCPA; and

    d. Any other relief that this Honorable Court deems appropriate.

                                              RESPECTFULLY SUBMITTED,

October 4, 2021                      By: /s/ William M. Kaludis
                                        William M. Kaludis (BPR No. 17433)
                                        SHIELD LAW GROUP
                                        1230 2nd Avenue S.
                                        Nashville, TN 37210
                                        Tel: (615) 742-8020
                                        Fax: (615) 255-6037
                                        bill@shieldlawgroup.com
                                        Attorney for Plaintiff